IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CASEY WALLACE LEIDER,<br><br>Plaintiff,<br><br>vs.<br><br>RANDEN SCHOPPE, and ERNIE BEAR DON'T WALK,<br><br>Defendants. | CV-21-00022-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Casey Wallace Leider, a pretrial detainee proceeding without counsel, filed a complaint (Doc. 2), pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights by charging him with certain crimes without probable cause. The Court screened the complaint pursuant to 28 U.S.C. § 1915 and § 1915A and determined that it failed to state a claim upon which relief may be granted and therefore should be dismissed. However, the Court gave Leider the opportunity to amend his Complaint by July 23, 2021. (Doc. 5.) The order was sent to Leider at the address provided in his complaint, the Yellowstone County Detention Facility in Billings, Montana.

Upon filing his complaint, Leider agreed to provide the Clerk's Office with any change to his address where he could be served with case-related papers and acknowledged that failure to do so may result in dismissal of his case. (Doc. 2 at

1

11.) Upon opening of his case, Leider was also advised in correspondence from the Court that he "must immediately inform the Clerk of Court of any change in your address. Failure to do so may result in dismissal of your case without notice to you." (Doc. 3.) Nevertheless, the Court's screening order, granting Leider leave to amend his complaint, was returned as not deliverable on July 1, 2021. (Doc. 8.) As a result, Leider has also failed to file his amended complaint by the time directed. He has also not provided notice of any change of address since the Court's order was returned.

I.      **Failure to Prosecute**

A self-represented party is required to provide notice of any change of address under Local Rule 5.3. The rule also provides that "[t]he court may dismiss a complaint without prejudice when: (1) a document directed to the . . . self-represented party by the court has been returned to the court as not deliverable; and (2) the court fails to receive within 60 days of this return a written communication from the . . . self-represented party indicating a current address for service." It has been more than 60 days since the Court's order was returned as not deliverable, and Lieder's complaint is subject to dismissal under the Local Rules.

Additionally, Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. *See, e.g., Link v. Wabash Railroad Co.*, 370

U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Leider has failed to notify the Court of his change of address.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002).  The Court cannot manage its docket if Leider refuses to provide notice of where he may be served.  Leider's case has consumed judicial resources

and time that could have been better spent on other matters.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id*.  Here, the Court attempted to provide Leider with notice of the deficiencies in his complaint and an opportunity to file an amended pleading, but Leider has failed to provide the Court with notice of where he can be served.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  The Court will therefore recommend that this matter

be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).  However, pursuant to L.R. 5.3(b), dismissal should be without prejudice.

## II.     CONCLUSION

Given Leider's failure to advise the Court of his address, no further resources of the Court should be expended, and Leider's Complaint should be dismissed, without prejudice.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed, without prejudice.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain that Leider has failed to prosecute this matter and/or comply with the Court's orders.

**NOTICE OF RIGHT TO OBJECT TO OBJECT
TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
OF FAILURE TO OBJECT**

Leider may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of October, 2021.

          /s/ Timothy J. Cavan
          Timothy J. Cavan
          United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Leider is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.